IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

STEPHANIE ELLEN CARLISLE and
RALEY POWELL DEARMAN, Individually
and on Behalf Of all Wrongful Death Beneficiaries of
CHRISTOPHER POWELL, Deceased                                                    PLAINTIFF

VS.                                                                    CAUSE NO. 4:11CV21HTW-CRA


LAUDERDALE COUNTY, MISSISSIPPI;                                      DEFENDANTS
WILLIAM D. "BILLIE" SOLLIE, In His Official
Capacity as Sheriff of Lauderdale County, Mississippi;
WAYMAN NEWELL, In His Official Capacity
as President of Lauderdale County Board of Supervisors;
MELISSA McCARTER, Individually, and in her
Official Capacity as Law Enforcement Personnel of
Lauderdale County, SHANEKIA RUSH,
Individually, and in her Official Capacity as
Jail Personnel of Lauderdale County, and
ERIK THOMPKINS, Individually, and in his
Official Capacity of Jail Personnel of Lauderdale
County

### *SECOND AMENDED COMPLAINT*
### *(Jury Trial Demanded)*

COMES NOW, the above mentioned Plaintiff, by and through counsel of record, and for causes of action against the above mentioned Defendants, files this Second Amended Complaint and allege the following:

### *I. PARTIES*

1.       Stephanie Ellen Carlisle is an adult resident citizen of Lauderdale County, Mississippi who resides at 6760 Meador Rd., Meridian, MS 39301.  She is the natural mother and heir at law of Christopher Powell, the Deceased.

2.     Raley Powell Dearman is an adult resident citizen of Lauderdale County, Mississippi who resides at 5430 Gene Carr Rd., Meridian, MS 39301.  She is the natural sister and heir at law of Christopher Powell, the Deceased.

3.     Defendant Lauderdale County, Mississippi ("the County") is located and has its seat of government within this judicial district and division.  The County may be served with process of this Court upon Wayman Newell, President of the Board of Supervisors of Lauderdale County, Mississippi.

4.     Defendant William D. "Billie" Sollie is an adult resident citizen of Lauderdale County, Mississippi, and is the Sheriff of said County.  He is sued individually and in his official capacity, and may be served with process of this Court at the Lauderdale County Jail located at 2001 5th St., Meridian Mississippi 39301

5.     Defendant Melissa McCarter is believed to be an adult resident citizen of Lauderdale County, Mississippi.  She is sued individually and in her official capacity, and may be served with process of this Court at the Lauderdale County Jail located at 2001 5th St., Meridian Mississippi 39301.

6.     Defendant Shanekia Rush is believed to be an adult resident citizen of Lauderdale County, Mississippi.  She is sued individually and in her official capacity, and may be served with process of this Court at the Lauderdale County Jail located at 2001 5th St., Meridian Mississippi 39301.

7.     Defendant Erik Thompkins is believed to be an adult resident citizen of Lauderdale County, Mississippi.  He is sued individually and in his official capacity, and

2

may be served with process of this Court at the Lauderdale County Jail located at 2001 5th

St., Meridian Mississippi 39301.

## II. *JURISDICTION AND VENUE*

8.      This cause of action arises under the United States Constitution, as well as

the Civil Rights Act, 42 U.S.C. § 1983, and this Court has subject matter jurisdiction

pursuant to 28 U.S.C. § 1331.  The related state law tort claims alleged herein form part of

the same case or controversy, and subject matter jurisdiction is conferred upon this Court for

these claims pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

9.      All of the individual defendants are permanent resident citizens of

Mississippi, over whom this Court has personal jurisdiction.

10.      Venue is proper pursuant to 28 U.S.C. § 1391 in that the events giving rise to

the Plaintiff's claim(s) occurred, and the Defendants reside or are located, within this judicial

district and division.

## III. *FACTS*

11.      On or about May 5, 2010, Christopher Powell ("Powell") was being held in

the Lauderdale County Jail.  He had initially been arrested on April 20, 2010, and was out

on bond until said bond was revoked on May 3, 2010.  He had been held in the same cell of

the Lauderdale County Jail from May 3, 2010 until approximately 12:00 p.m. on May 5,

2010 when he tragically took his own life by hanging himself with a bed sheet.

12.      Upon the commitment of Powell to the jail on May 3, 2010, it then and there

became the duty of the Defendants, and each of them, to exercise reasonable care for the

safety, safekeeping and well being of Powell.

3

13.     Upon the commitment of Powell to the jail on May 3, 2010, Powell exhibited sign, tendencies, and other outwardly signals which should have placed the Defendants on notice that Powell was a danger to himself.  The Defendants were also told by more than one person that Mr. Powell had threatened to harm himself, and to watch him closely.

14.     Despite Powell's outwardly expressions and speech which should have placed the Defendants on notice that he was a danger to himself, the Defendants placed him in a normal cell, and did not place him in on "suicide watch" as he should have been.  The cell chosen for Powell by the Defendants was not subject to the most efficient monitoring, and other cells were available for Powell where he could have been monitored much more closely as the circumstances dictated.

15.     Additionally, the Defendants should not have allowed Powell to have anything in his cell which could have been manipulated in such a way to harm himself (such as the bed sheet).

## COUNT ONE

### Deprivation of Civil Rights under Color of State Law

16.     Plaintiff realleges and asserts those facts and allegations contained in paragraphs 1-15  above.

17.     At all times material hereto, Defendant Wayman Newell was the duly elected and acting President of the Lauderdale County Board of Supervisors, and Defendant Billie Sollie was the duly elected and acting Sheriff of Lauderdale County.  All are charged with the formulation and implementation of customs, practices, policies and/or directives

4

complained of herein, and thereby committing or causing the acts or omissions which deprived Christopher Powell, the Deceased, of his civil and constitutional rights, including those secured by the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution, and 42 U.S.C. § 1983, under color of state law.

18.     At all times pertinent to the Complaint, Defendants Sollie, McCarter, Rush, and Thompkins were employed by the County as law enforcement officers and/or Jailers, and acted under color of the statutes, customs, ordinances, and usages of Lauderdale County, Mississippi and its Sheriff's Department.  Further, the customs, practices, policies and/or directives which they thereby established under color of law resulted in the suffering and death of Christopher Powell he endured while being held in the jail.  Thus, these defendants, as well as the County, are liable for the violation of Christopher Powell's constitutional and civil rights.

19.     A custom or practice developed, through Sheriff Billie Sollie as a policymaker for Lauderdale County, among County law enforcement and jail personnel at the Lauderdale County Jail which resulted in the failure to provide the special needs and safety of individuals in their custody requiring special attention due to the display of suicidal tendencies.

20.     Defendants McCarter, Rush, and Thompkins were deliberately indifferent to the aforesaid special needs and safety of Christopher Powell given the specific knowledge of his suicidal thoughts and/or tendencies.

21.     Acting under color of law and pursuant to official policy, custom, and/or practice, Defendants McCarter, Rush, and Thompkins, knowingly, recklessly, or with

5

deliberate indifference to Christopher Powell's rights failed to adequately provide for Powell's safety, safekeeping, and well-being.

22.     Acting under color of law and pursuant to official policy, custom, and/or practice, Defendants Wayman Newell and Billie Sollie knowingly, recklessly, or with deliberate indifference to Christopher Powell's rights, failed to instruct, supervise, control and discipline on a continuing basis County law enforcement and jail personnel in their duties with respect to the constitutional and civil rights of detainees in their custody, including the right to adequately provide for  the safety, safekeeping, and well-being of detainees displaying suicidal tendencies such as Powell.

23.     Thus, acting under color of law and pursuant to official policy or custom, Defendants Newell, Sollie, McCarter, Rush, and Thompkins directly or indirectly approved, acquiesced in, or otherwise participated in the acts or omissions which deprived Christopher Powell of his civil and constitutional rights.

24.     Defendants' violation of Christopher Powell's civil and constitutional rights caused him to suffer the ultimate injury for which the Plaintiff is entitled to recover jointly and severally from Defendants, actual and compensatory damages, including but not limited to funeral/burial expenses, Christopher Powell's pain and suffering prior to death, the net value of his life expectancy, the Plaintiff's loss of Christopher Powell's society and companionship, as well as punitive damages for circumstances of intent and recklessness.

## COUNT TWO

### Failure to Adequately Train Law Enforcement Personnel

25.    Plaintiff realleges and asserts those facts and allegations contained in paragraphs 1-24 above.

26.    Counties are required by law to provide law enforcement personnel with sufficient training to detect the special needs of detainees who display suicidal tendencies.

27.    Acting under color of law and pursuant to official policy, custom, and/or practice, Defendants Wayman Newell and Billie Sollie as policymakers for Lauderdale County failed to adequately train the law enforcement personnel and jail personnel employed by the County in a sufficient manner to recognize and detect the special needs of a detainee with known and demonstrable suicidal tendencies.

28.    Defendants McCarter, Rush, and Thompkins were deliberately indifferent to Powell's right to be kept safe and free from harm while in their custody, and this was due to County's failure to properly train them pursuant to policy established by the County under color of law.  This failure to adequately train and deliberate indifference resulted in the suffering and death of Christopher Powell.  Therefore, these defendants, as well as the County, are liable for the violation of Christopher Powell's constitutional and civil rights.

29.    Thus, acting under color of law and pursuant to official policy and/or custom, Defendants Newell, Sollie, and the County directly or indirectly approved, acquiesced in, or otherwise participated in the acts or omissions which deprived Christopher Powell of his civil and constitutional rights.

30.    Defendants' failure to properly train the law enforcement personnel and jail at the Lauderdale County jail resulted in the violation of Christopher Powell's civil and constitutional rights and caused him to suffer the ultimate injury of death.  For such death, the Plaintiff is entitled to recover jointly and severally from Defendants, actual and compensatory damages, including but not limited to funeral/burial expenses, Christopher Powell's pain and suffering prior to death, the net value of his life expectancy, the Plaintiff's loss of Christopher Powell's society and companionship, as well as punitive damages for circumstances of intent and recklessness.

WHEREFORE, Plaintiffs demand trial by jury and judgment against Defendants jointly and severally as follows:

(A)    For actual, compensatory and punitive damages from Defendants in an amount to be determined at trial for the deprivation of Christopher Powell's civil and constitutional rights;

(B)    For actual, compensatory, and punitive damages for gross negligence evidencing a willful, wanton, or reckless disregard for Christopher Powell's right to be kept safe from harm as a detainee in custody, in the maximum amount permitted by law;

(C)    For actual, compensatory, and punitive damages for the intentional acts of assault upon Christopher Powell which directly infringed upon his right to be kept safe from harm as a detainee in custody, in the maximum amount permitted by law;

(D)    Plaintiffs further demand that they are awarded their attorneys' fees, prejudgment interest, post judgment interest, and all costs incurred in this action.

(E)     Plaintiffs demand such other and further equitable and monetary relief as this

Court deems proper.

DATED, this the 14th day of March, 2012.

Respectfully submitted,

STEPHANIE ELLEN CARLISLE and RALEY
POWELL DEARMAN, Natural Mother and Sister as
well as Heir at Law of Christopher Powell,
Deceased

By:  /s/Jay M. Kilpatrick
Jay M. Kilpatrick

J. MAX KILPATRICK, MSB #3760
Attorney At Law
Post Office Box 520
Philadelphia, Mississippi 39350
PHONE:  (601) 656-7300
FAX:  (601) 656-0487

JAY M. KILPATRICK, MSB #10036
YoungWilliams P.A.
Post Office Box 23059
Jackson, Mississippi  39225-3059
PHONE:  (601) 948-6100
FAX:  (601 355-6136

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on March 14, 2012, I electronically filed the foregoing

document with the Clerk of the Court using the ECF system which sent notification of

such filing to all counsel having previously formally appeared herein.

/s/ Jay M. Kilpatrick
Jay M. Kilpatrick
